UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARK ALLEN COLLINS,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-356

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE; (2) PLAINTIFF'S REQUEST FOR A SENTENCE SIX REMAND BE DENIED; AND (3) THIS CASE BE CLOSED ON THE COURT'S DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon *pro se* Plaintiff's Statement of Errors (doc. 11), the Commissioner's memorandum in opposition (doc. 12), the administrative record (doc. 6), and the record as a whole.[2] Given his *pro se* status, Plaintiff's filings and arguments are liberally construed in his favor. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (stating that *pro se* pleadings "are entitled to a liberal construction" and that "appropriate liberal construction requires active interpretation in some cases to construe a *pro se* petition 'to encompass any allegation stating federal relief'") (citations omitted).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

I.

**A. Procedural History**

Plaintiff filed an application for SSI on February 20, 2014 claiming disability as a result of a number of impairments including, *inter alia*, coronary artery disease, chronic obstructive pulmonary disease ("COPD"), hypertension, and diabetes. PageID 248, 353.

After an initial denial of his application, Plaintiff received a hearing before ALJ Mark Hockensmith on December 3, 2015. PageID 81-114. Thereafter, the ALJ issued a written decision on February 1, 2016 finding Plaintiff not disabled. PageID 52-63. Specifically, the ALJ found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC") to perform a limited range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 59, 62.

Thereafter, the Appeals Council denied review on June 22, 2016, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 39-41. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 54-61) and the Commissioner's memorandum in opposition (doc. 12). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[3] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 416.967. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 416.967(b). An individual who can perform light work is presumed to be able to perform sedentary work, which "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying article[,]" as well as "sitting, a certain amount of walking and standing[.]" *Id.* § 416.967(a).

II.

A.     **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.     **"Disability Defined"**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging

3

in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

The undersigned liberally construes Plaintiff's Statement of Errors and finds that he alleges error by the ALJ in: (1) failing to fully develop the record to include records from his treat physician Martin Shear, M.D., or to request opinion evidence from him; and (2) inappropriately considering his purported noncompliance with, or failure to seek treatment in assessing his credibility. The Court also liberally construes Plaintiff's Statement of Errors to request a remand pursuant to Sentence Six of 42 U.S.C. § 405(g).

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record, appropriately considered the medical evidence at issue, and accurately determined Plaintiff's RFC. Thus, as more fully explained herein, the undersigned finds that the ALJ's non-disability finding should be affirmed and that a Sentence Six remand should be denied.

A.   Dr. Shear

Plaintiff first contends that the ALJ erred by not requesting records or opinions from Dr. Shear. Doc. 11 at PageID 726. Generally, the plaintiff "bears the ultimate burden to prove by sufficient evidence that she [or he] is entitled to disability benefits." *Trandafir v. Comm'r of Soc. Sec.*, 58 F. App'x 113, 115 (6th Cir. 2003). However, "[t]here are a few special circumstances -- when a claimant is without counsel, not capable of presenting an effective case, and unfamiliar with hearing procedures -- where the ALJ has a special duty to develop the record." *Lambdin v. Comm'r of Soc. Sec.*, 62 F. App'x 623, 625 (6th Cir. 2003) (citing *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983)).

Here, although Plaintiff is *pro se* before the Court, he was represented by counsel during the administrative process, including at the administrative hearing on December 3, 2015. *See* PageID 69, 81. Thus, "the ALJ cannot be said to have had a 'special, heightened duty to develop the record.'" *Trandafir*, 58 F. App'x at 115.

Even assuming, *arguendo*, the ALJ had such a special duty in this case, contrary to Plaintiff's contention, the record does contain approximately 15 pages of records from Dr. Shear and other physicians within his practice. PageID 703-16. In fact, the ALJ specifically kept the record open following the administrative hearing so that these records could be submitted by Plaintiff's attorney for review prior to issuance of the ALJ's decision. PageID 86-87, 113.

While the record contains no medical opinion from Dr. Shear, there is no requirement "that an ALJ must, as a matter of law, seek out a physician's medical opinion where one is not offered." *Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015); *see also Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 263 (6th Cir. 2015).

Further, the undersigned's review of Dr. Shear's records reveals nothing upon which to conclude that an opinion from him would have set forth additional or more restrictive limitations than those set forth by other medical sources or otherwise found by the ALJ in determining Plaintiff's RFC. *See Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 364 (6th Cir. 2014) (rejecting claimant's argument that the ALJ erred by failing to obtain an opinion from the treating physician, especially where claimant "provide[d] no support for his implied argument that [the treating physician], if asked, would have opined that he was disabled").[4]

Based upon all of the foregoing, the undersigned concludes that Plaintiff's first alleged error should be overruled.

### B. Credibility

Plaintiff next challenges the ALJ's credibility finding. The ALJ, and not this Court, "evaluate[s] the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). A reviewing Court must "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying." *Jones v.*

---

[4] When the plaintiff proceeded *pro se* at the administrative level, district courts have found error in an ALJ's failure to solicit a treating physician's opinion. *Longnecker v. Comm'r of Soc. Sec.*, No. CV 15-11705, 2016 WL 3912859, at *7 (E.D. Mich. May 25, 2016), report and recommendation adopted, No. 15-11705, 2016 WL 3903192 (E.D. Mich. July 19, 2016) (stating that, "[b]ecause the opinions of a treating physician are of critical importance, '[w]hen the record before the ALJ is incomplete or inadequate, an ALJ's failure to request the opinion of a *pro se* claimant's treating physician is grounds for remand'") (citing *Williams v. Barnhart*, 2007 WL 924207, at *8 (S.D.N.Y. Mar. 27, 2007); *Watt v. Astrue*, 2011 WL 3319993, at * 5 (C.D. Cal. July 28, 2011)). In this case, as noted, Plaintiff was represented by counsel before the ALJ.

*Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

Nevertheless, in setting forth a credibility finding, the ALJ's determination "cannot be based on an intangible or intuitive notion about an individual's credibility[,]" and instead, "[t]he reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." *See* SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996). In fact, the ALJ must set forth "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.*

Pursuant to SSR 96-7p, upon determining that "an underlying physical or mental impairment" exists "that could reasonably be expected to produce the individual's pain or other symptoms[,]" the ALJ must "evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." *See* SSR 96-7p, 1996 WL 374186, at *7. Where a claimant's subjective complaints concerning "the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence," the ALJ must then determine the claimant's credibility "based on a consideration of the entire case record." *See id.*; 20 C.F.R. § 416.929(c)(3).

In considering the entire case record, 20 C.F.R. § 416.929(c)(3) and SSR 96-7p also require consideration of the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of symptoms; (3) factors that precipitate and aggravate symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; (5) treatment undertaken by the claimant; (6) measures undertaken by the claimant to relieve symptoms, such as lying on one's back; and (7) any other factors bearing

7

on the limitations of the claimant to perform basic functions. 20 C.F.R. § 416.929(c)(3); *see Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 247 (6th Cir. 2007).

In this case, the ALJ found Plaintiff's "statement concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible because they are out of line with the level of severity indicated by the objective medical findings." PageID 60. Plaintiff does not challenge this finding by the ALJ.

The ALJ also noted that Plaintiff's "medical conditions have improved substantially since his triple vessel bypass surgery in 2013 and especially since he more recently began to be compliant with taking his mediations." *Id.* Plaintiff also does not challenge the ALJ's finding that his medical conditions have improved since 2013.

Finally, in finding Plaintiff "not entirely credible[,]" the ALJ found that his "noncompliance with treatment and taking prescribed medications" was "[a] big issue[.]" *Id.* Plaintiff does assert error in this regard, arguing that any such noncompliance (or gaps in treatment) can all be explained by his lack of money and his lack of insurance, as well as his testimony that certain doctors cancelled appointments without providing notice. Doc. 11 at PageID 726.

Under SSR 96-7p, a claimant's statements "may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." SSR 96-7p, 1996 WL 374186, at *7. However, an ALJ cannot discount a claimant's credibility in this regard "without first considering any explanations that the individual may provide, or other information in the case record, that may explain" the type or frequency of treatment actually received. *Id.* Such reasons may include the plaintiff's inability "to afford treatment" or lack of "access to free or low-cost medical services." *Id.* at *8. Here,

8

the ALJ, in his decision, did acknowledge Plaintiff's "lack of money or insurance," and found no corroborating evidence to support Plaintiff's contention that certain follow-up appointments were cancelled by a physician. PageID 55, 60. Thus, as required by the Commissioner's rules and regulations, the ALJ did consider Plaintiff's circumstances and explanations.

Accordingly based upon the foregoing, the undersigned finds no error in this regard. However, even assuming, *arguendo*, that the ALJ did err in not considering Plaintiff's reasons for noncompliance (or gaps in treatment), any such error would be harmless in light of the other unchallenged reasons set forth by the ALJ in making his credibility finding.

### C. Sentence Six

Plaintiff states that, in August 2016, "Dr. Brown" -- presumably Harold M. Brown, D.O., a physician within Dr. Shear's practice group (PageID 709) -- found him "permanently disabled and [unable to] perform work of any kind for a lifetime." Doc. 11 at PageID 726. Plaintiff does not provide Dr. Brown's opinion for the Court's review.

The Court liberally construes *pro se* Plaintiff's statement in this regard as a request for remand under Sentence Six of 42 US.C. § 405(g). "To obtain a [S]entence-[S]ix remand, a claimant has the burden to establish that there is (1) new evidence; (2) which is material; and (3) that there is good cause for the failure to submit it to the ALJ." *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 717 (6th Cir. 2013) (citation omitted). Plaintiff makes no argument as to whether Dr. Brown's purported opinion could have been received prior to the ALJ's closing of the administrative record, or that such opinion is "material." Doc. 11 at PageID 726. Accordingly, the Court finds that Plaintiff fails to meet his burden to establish the existence of any of the required elements of a Sentence Six remand -- most notably, materiality.[5]

---

[5] In fact, Plaintiff states that he is not "attempt[ing] to add evidence to this case[.]" Doc. 11 at PageID 726.

With regard to materiality, new evidence is "material" if "a reasonable probability [exists] that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Assuming Dr. Brown's written opinion states exactly what Plaintiff represents, the undersigned cannot find that the ALJ's conclusion would have differed had he considered such opinion. While not to be ignored, *see Kane v. Colvin*, No. 3:15-CV-192, 2016 WL 4054919, at *9 (S.D. Ohio July 29, 2016), *report and recommendation adopted*, No. 3:15-CV-192, 2016 WL 7103374 (S.D. Ohio Dec. 6, 2016) (citing *Bjornson v. Astrue*, 671 F.3d 640, 647-48 (7th Cir. 2012)), ALJs "will not give any special significance" to "statement[s] by a medical source [concluding] you are 'disabled' or 'unable to work[.]'" 20 C.F.R. § 416.927(d).

Based upon the foregoing, the undersigned concludes that Plaintiff's request for a Sentence Six remand should be overruled.

### IV.

For the foregoing reasons, the Court finds Plaintiff's assignments of error unmeritorious. **IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; (2) Plaintiff's request for a Sentence Six remand be **DENIED**; and (3) this case be **CLOSED**.

Date:  July 24, 2017            s/ Michael J. Newman
                                Michael J. Newman
                                United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).